IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CATHERINE GOFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-23-60-PRW |
| | ) | |
| v. | ) | |
| | ) | |
| 1. WAL-MART ASSOCIATES, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 2. WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF** and, pursuant to leave of Court granted on April 05, 2023 [Dkt. 13], the Plaintiff amends her claims as follows:

## PARTIES

1. The Plaintiff is Catherine Goforth, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are Wal-Mart Associates, Inc. and Wal-Mart Stores East, L.P., both foreign companies doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for disability discrimination through the association Plaintiff's disabled relative, in violation of the Americans with Disabilities Act ("ADA") and Oklahoma's Anti-Discrimination Act ("OADA"). This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1331 and over the state claims pursuant to 42 U.S.C. § 1331. Plaintiff's initial pleading was filed in state court and

        Defendant Wal-Mart Associates, Inc. removed the action on January 18, 2023. This Court has jurisdiction over the removed claims pursuant to 28 U.S.C. § 1441(a).

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, a county within the United States District Court for the Western District of Oklahoma. Accordingly, venue is proper in this Court.

## STATEMENT OF FACTS

5. The Defendants, jointly and/or separately, employed at least fifteen employees during twenty or more weeks in the current or proceeding calendar year and is an employer under the ADA.

6. Defendant Wal-Mart Associates, Inc. holds itself out as Plaintiff's employer on Plaintiff's W-2 forms and pay stubs. Defendant Wal-Mart Associates, Inc. has stipulated that Plaintiff was employed by Wal-Mart Stores East, L.P. Both defendants controlled Plaintiff's working environment and day-to-day management such that they are both Plaintiff's direct employers, joint employers and/or constitute an integrated enterprise such that both are liability for Plaintiff's claims.

7. Plaintiff was employed by Defendants from around September 2021 until around May 7, 2022.

8. Plaintiff's job title was Academy Trainer.

9. Plaintiff was qualified for her job and performed satisfactorily.

10. Plaintiff's close relative suffers from mental health impairments including depression and mood disorders which, without the ameliorative effects of mitigating measures would substantially affect one or more major life activities (including

major bodily functions) such as mental function, communicating, thinking and brain function.

11. Around March 2022 Plaintiff told her supervisors including Fernando Peralta (Team Lead), Michael Johnson (People Lead/Human Resources) and Gigi Hayden (Store Manager), about her relative's medical condition. Plaintiff explained that she was her relative's primary care provider and that, because of this, she (Plaintiff) would need certain days off to provide such care.

12. Plaintiff was not requesting an accommodation, but rather stating that she may need some days off work, although such days were not excessive. Further, other employees routinely took off work for reasons unrelated to having a disabled relative.

13. Defendants terminated Plaintiff's employment around May 7, 2022.

14. As a direct result of Defendants' conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including frustration, worry, sadness and similar unpleasant emotions.

15. At the least, significant factors in the decision to terminate Plaintiff's employment include her relative's disability (including Defendants regarding Plaintiff's relative as being disabled). Such factors may also be but-for causes of the termination decision.

16. The Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on June 2, 2022. The EEOC issued Plaintiff her right to sue letter on September 29, 2022 and Plaintiff received such letter thereafter. This

Petition is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above and further alleges:

17. Discrimination on the basis of disability (including Plaintiff's association with a disabled person and/or with someone whom Defendants regards as disabled) violates the ADA.

18. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

19. Because Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

20. Plaintiff is also entitled to attorney fees/costs, declaratory relief and reinstatement.

## COUNT II

Plaintiff incorporates the above and further alleges:

21. Discrimination on the basis of disability (including Plaintiff's association with a disabled person and/or with someone whom Defendants regards as disabled) violates the ADA.

22. Under this Count Plaintiff is entitled to an award of back wages/benefits and an equal amount in liquidated damages.

23. Plaintiff is also entitled to attorney fees/costs, declaratory relief and reinstatement.

**WHEREFORE,** Plaintiff prays that she be granted judgment on his claims and that she be granted all of his actual damages, together with punitive and/or liquidated damage, interest, costs and fees and such other equitable relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED THIS 5TH DAY OF APRIL 2023.**

s/Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber Hurst, OBA No. 21231
Hammons, Hurst & Associates
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 5th day of APRIL 2023.

E. Talitha Ebrite
Taylor J. Freeman Peshehonoff, OBA # 34424
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
(405) 235-5500
(405) 235-5575 Fax
eadams@gablelaw.com
tpeshehonoff@gablelaw.com
tebrite@gablelaw.com
*Counsel for Defendants*

s/Amber L. Hurst